**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| RUDY C. MEDINA, § | |
| § | |
| § | |
| v. § | |
| § | Civil Action No.  SA-08-CV-0644-XR |
| MICHAEL J. ASTRUE, § | |
| COMMISSIONER OF THE SSA. § | |
| § | |

**ORDER**

On this date, the Court considered the Report and Recommendation filed by the Magistrate Judge, and Plaintiff's objections thereto, concerning Plaintiff's appeal of the Commissioner's decision to deny him Social Security disability benefits.  After careful consideration, the Court accepts the Magistrate Judge's recommendation to affirm the Commissioner's denial of benefits.

**I. Introduction**

Plaintiff Rudy Medina seeks review and reversal of the administrative denial of his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Medina asks the Court to reverse the decision and to render judgment in his favor.  In the alternative, Medina asks the Court to reverse the decision and remand the case for additional administrative proceedings.

## II. Jurisdiction

This Court has jurisdiction to review the Commissioner's final decision as provided by 42 U.S.C. § 405(g).

## III. Procedural Background

Medina fully exhausted his administrative remedies prior to filing this action in federal court. Initially, Medina filed for disability on August 10, 1995 and was denied on July 17, 1997. (Tr. 60). He then attempted to file for SSI on August 11, 1997 and was denied on February 3, 2000 (Tr. 374 & 384). He attempted to request a review from a partially unfavorable ruling, but requested it past the 60 days required for a review. (Tr. 92). Medina then prospectively filed an application for DIB and SSI benefits on September 16, 1999, alleging disability beginning August 20, 2000. (Tr. 148). The Social Security Administration denied the application initially and again on reconsideration on March 28, 2000. (Tr. 85). Medina then asked for a hearing on May 23, 2000. (Tr. 89). A hearing was held before Administrative Law Judge Forrest Stewart on March 6, 2001. (Tr. 29). The ALJ initially issued a decision on March 8, 2001, concluding that Medina was disabled within the meaning of the Social Security Act (the Act). (Tr. 70). The Social Security Administration Appeals Council vacated and remanded the ALJ's decision on June 15, 2001. (Tr. 113). A second hearing was held on November 14, 2001, and the ALJ denied Medina's claim on February 22, 2002. (Tr. 15). When the Appeals Council denied the plaintiff's

request for review, Medina appealed to federal court.[1] On the Commissioner's motion the case was remanded. It was reinstated on the Court's Docket on April 1, 2003, until a subsequent motion for remand by the Commissioner was granted on July 1, 2003. There was a third administrative hearing on August 7, 2006 (Tr. 408) and, following the Appeals Council's remand (Tr. 423), a fourth administrative hearing on October 22, 2007 before ALJ Wade Morrison (Tr. 467). All decisions except for the first one determined that Medina was not disabled. The ALJ's February 29, 2008 decision became the final decision of the Commissioner for the purpose of the Court's review pursuant to 42 U.S.C. § 405(g) when the Appeals Council denied the plaintiff's request for review. (Tr. 394A).

Plaintiff filed a motion to proceed *in forma pauperis* in this matter on August 4, 2008, and filed a complaint on August 13, 2008. The case was referred to Magistrate Judge John W. Primomo for a report and recommendation. Both parties filed briefs. On June 2, 2009, Magistrate Judge Primomo issued a report and recommendation to this Court recommending the decision of the ALJ be affirmed. Plaintiff filed objections to the report and recommendation on June 12, 2009.

### IV. Magistrate Judge's Memorandum and Recommendation

Magistrate Judge Primomo determined that the ALJ's ruling that Medina was not disabled was supported by substantial evidence. The Magistrate Judge determined that, although Medina had the requisite IQ scores required under Listing 12.05(C), he did not meet

---

[1] *Medina v. Barnhart*, SA-02-CA-657-PMA (W.D. Tex.).

the requirement of the introductory paragraph of Listing 12.05[2] because he failed to show that he had significantly subaverage general intellectual functioning with deficits in adaptive functioning prior to age twenty-two. Thus, the Magistrate Judge recommended that the Commissioner's decision to deny benefits be affirmed.

## V. Plaintiff's Objections

Medina objected to the Magistrate Judge's Memorandum and Recommendation, claiming that the ALJ failed to properly consider the issue of whether he satisfied the introductory criteria. Medina challenges that there was no objective support for the ALJ's determination and argues that if a claimant raises a suspicion of impairment and the record is insufficient, a consultative examination should be ordered, citing *Pearson v. Bowen*.[3]

## VI. Applicable Legal Standards

### A. Standard of Review

Since there was a timely objection to the Magistrate Judge's Memorandum and Recommendation, the Court reviews the Magistrate Judge's recommended disposition *de novo*.[4] However, in reviewing the Commissioner's decision denying disability benefits, the reviewing court is limited to determining whether substantial evidence supports the decision

---

[2] 20 C.F.R. ch. III, pt.404, subpt. P, app. 1 (the "C.F.R. Listing").

[3] *Pearson v. Bowen*, 866 F.2d 809, 812 (5th Cir. 1989).

[4] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; L.R. CV-72 (W.D. Tex.).

and whether the Commissioner applied the proper legal standards in evaluating the evidence.[5] "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[6]

If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed.[7] In reviewing the Commissioner's findings, a court must carefully examine the entire record, but refrain from re-weighing the evidence or substituting its judgment for that of the Commissioner.[8] Conflicts in the evidence and credibility assessments are for the Commissioner and not for the courts to resolve.[9] Four elements of proof are weighed by the courts in determining if substantial evidence supports the Commissioner's determination: (1) objective medical facts, (2) diagnoses and opinions of treating and examining physicians, (3) the claimant's subjective evidence of pain and disability, and (4) the claimant's age, education and work experience.[10]

---

[5] *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3).

[6] *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).

[7] *Martinez*, 64 F.3d at 173.

[8] *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *see also Villa*, 895 F.2d at 1021 (the court is not to reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner).

[9] *Martinez*, 64 F.3d at 174.

[10] *Id.*

**B. Entitlement to Benefits**

Every individual who is insured for disability benefits, has not reached retirement age, meets certain income and resource requirements, has filed an application for benefits, and is under a disability, is eligible to receive disability insurance benefits.[11] Every individual who meets certain income and resource requirements, has filed an application for benefits, and is under a disability, is eligible to receive supplemental security income benefits.[12] The term "disabled" or "disability" means the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[13] A claimant shall be determined to be disabled only if his physical or mental impairment or impairments are so severe that he is unable to not only do his previous work, but cannot, considering his age, education, and work experience, participate in any other kind of substantial gainful work that exists in significant numbers in the national economy, regardless of whether such work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if he applied for work.[14]

---

[11] 42 U.S.C. § 423(a)(1).

[12] 42 U.S.C. § 1382(a)(1) & (2).

[13] 42 U.S.C. § 1382c(a)(3)(A).

[14] 42 U.S.C. § 1382c(a)(3)(B).

**C. Evaluation Process and Burden of Proof**

Regulations set forth by the Commissioner require disability claims to be evaluated by the prescribed five-step process.[15] A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the Commissioner's analysis.[16]

The first step involves determining whether the claimant is currently engaged in substantial gainful activity.[17] If so, the claimant will be found not disabled regardless of his medical condition, age, education, or work experience. The second step involves determining whether the claimant's impairment is severe. If a claimant has no severe impairments, the claimant is deemed not disabled. In the third step, the ALJ compares the severe impairment with those on a list of specific impairments. The ALJ will find that a claimant has a listed impairment if the diagnostic description in the introductory paragraph and the criteria of the listed impairment are satisfied. In determining whether a claimant's mental impairment meets a listing, the ALJ must record "the presence or absence of the criteria [of the appropriate listing] and the rating of the degree of functional limitation" in the ALJ's decision. If a claimant's impairment meets or equals a listed impairment, the claimant is deemed disabled without considering his or her age, education, or work experience. If the impairment is not on the list, the ALJ, in the fourth step, reviews the

---

[15] 20 C.F.R. §§ 404.1520 and 416.920.

[16] *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

[17] 20 C.F.R. §§ 404.1520 and 416.920.

claimant's residual functional capacity and the demands of his past work. If the claimant is still able to do his past work, the claimant is not disabled. If the claimant cannot perform his past work, the ALJ moves to the fifth and final step of evaluating the claimant's ability, given his residual capacities, age, education, and work experience, to do other work. If the claimant cannot do other work that exists in significant numbers in the national economy, he will be found disabled.

The claimant bears the burden of proof at the first four steps of the sequential analysis.[18] Only once the claimant has shown that he is unable to perform his previous work, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is not only physically able to perform, but also, taking into account his exertional and nonexertional limitations, able to maintain for a significant period of time.[19] If the Commissioner adequately points to potential alternative employment, the burden shifts back to the claimant to prove that he is unable to perform the alternative work.

## VII. Analysis

This appeal centers on whether the ALJ correctly determined that Plaintiff does not satisfy Listing 12.05(c). The structure of the listing for mental retardation (12.05) is different from that of the other mental disorders listings. C.F.R. Listing 12.00(A). Listing 12.05

---

[18] *Turner v. Califano*, 563 F.2d 669, 670 (5th Cir. 1977).

[19] *Watson v. Barnhart*, 288 F.3d 212, 217 (5th Cir. 2002).

employs four enumerated paragraphs instead of the typical three to describe the severity criteria, and only one paragraph must be met instead of a combination of two. However, these differences do not "relieve claimants of the initial burden of demonstrating that their impairment satisfies the introductory paragraph's diagnostic description." *Randall v. Astrue*, 570 F.3d 651, 659 (5th Cir. 2009). The introductory paragraph of Listing 12.05 requires "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22."

**A. Findings and Conclusions of the ALJ**

ALJ Morrison held a hearing on October 22, 2008, at which Plaintiff appeared and testified, as did Arthur H. Briggs, M.D., an impartial medical expert, and Donald R. Marth, Ph. D., an impartial vocational expert. (Tr. 620). The ALJ issued his report on February 29, 2008, finding that Plaintiff was not disabled. (Tr. 468). He first found that Medina had not engaged in substantial gainful activity since August 20, 2000, the alleged onset date. (Tr. 469). At step two, the ALJ found that Medina had the following severe impairments: status post gunshot wound to the chest, back pain secondary to lumbar spine degenerative disc disease, a pain disorder, and possible depressive and post-traumatic stress disorders. (Tr. 470).

After a psychological evaluation by Dr. Scott on April 20, 2007, Medina was found to be "provisionally" diagnosed as mildly mentally retarded; a conclusive diagnosis could not

be reached. *Id*. No such diagnosis was made at the previous psychological evaluation by Dr. Croft on April 16, 2007. *Id*. Rather, Plaintiff's mental status was characterized as normal, and Dr. Croft's report stated Plaintiff performed basic daily functions such as bathing and picking his own clothes. (Tr. 558). This report concluded that Plaintiff's intelligence seemed to be that of someone with an educational deprivation, not retardation. (Tr. 557). Given the plaintiff's intellectual functioning at school and work, the ALJ determined that Medina was not mentally retarded. (Tr. 170).

At step three, the ALJ found that Medina did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in C.F.R. Listing 12.05. The ALJ found that Medina was not mentally retarded as defined under the introductory paragraph of Listing 12.05 because he failed to demonstrate subaverage general intellectual functioning with deficits in adaptive functioning initially manifested prior to the age of twenty-two. (Tr. 470). The ALJ determined that the plaintiff had attended school through the tenth grade. (Tr. 270). Medina never flunked a grade and only dropped out when he got married and had a child. (Tr. 625). Additionally, ALJ Morrison noted that in the previous four hearings, the issue of mental retardation had never been raised despite it being claimed as a "severe" condition. *Id*.

In determining Medina's residual functional capacity, the ALJ found that Medina is limited to work at the "sedentary" exertional level. (Tr. 472). This is contrary to Medina's own testimony; however, the ALJ points to Medina's reported "inconsistent and poor" effort

during physical testing. (Tr. 473). The ALJ discredits Medina's favorable medical evidence as not controlling because it was not consistent with the medical opinion of other doctors and the impartial medical expert, Dr. Briggs. (Tr. 474).

Regarding Medina's physical impairments, the ALJ concluded that Medina has the residual functional capacity to lift and/or carry at least 10 pounds and stand or walk for only two hours of a workday but cannot perform work involving repetitive bending, climbing, stooping, or crawling. *Id*. The ALJ also states that the plaintiff is limited to simple repetitive tasks and possesses a sixth grade reading level and fifth grade mathematics ability. (Tr. 475).

The ALJ found that despite Medina's inability to return to his previous work, there are a significant number of jobs existing in the national economy that Medina can perform, considering his age, education, work experience, and RFC, and thus he is not disabled. (Tr. 476).

**B. Whether the ALJ's Determination was Based Upon Substantial Evidence.**

The burden of proof for a severe disability and that it meets or medically equals one of the listed impairments of C.F.R. Listing 12.05 rests solely on the Plaintiff. In this case, Plaintiff must demonstrate significant subaverage general intellectual functioning with deficits in adaptive functioning before the age of twenty-two. Medina points to three pieces of evidence to support his claim of mental retardation. First, Medina claimed that he attended "special classes" when he attended school. Second, he claimed that he was unable to perform basic functions such as picking out his own clothes and driving himself. Third, he points to

a medical report on April 20, 2007 that states he might be mentally retarded.

This Court must determine whether the ALJ's decision that Plaintiff does not meet the listing is supported by substantial evidence. "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[20] Substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'"[21]

The ALJ rests his determination of no disability on medical evidence as well as the opinion of the impartial medical expert, Dr. Briggs. Despite Medina's claim that he was mentally retarded prior to the age of twenty-two, he successfully passed every grade level without failing. Other than a passing reference, there is no evidence of Medina being enrolled in "special" classes. Additionally, he was determined to have a sixth grade reading level and a fifth grade mathematics ability. Furthermore, Medina only dropped out of school because he got married and had a child. None of these facts indicate that Medina was, at any level prior to the age of twenty-two, mentally retarded.

Medina's claim that his inability to perform basic social functions evidences a disability prior to age twenty-two is contrary to a significant number of reports and his own

---

[20] *Villa v. Sullivan*, 895 F.2d at 1021-22.

[21] *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (quoting *Hames*, 707 F.2d at 164).

testimony. Medina himself states that he used to drive to work. (Tr. 692). A psychological evaluation on April 16, 2007 stated that Medina was able to bathe himself and pick out his own clothes and even occasionally handle finances. (Tr. 558). Additionally, the Plaintiff wrote and completed reports and used technical knowledge and skill in his previous employment (automotive painter). (Tr. 167). None of these capacities point to mental retardation prior to the age of twenty-two.

Last, although there is a medical report of April 20, 2007 that stated inconclusively that the plaintiff might be mentally retarded, it is contrary to the psychological evaluation done four days prior as well as the ALJ's own perception during the hearing. (Tr. 570). The first psychological evaluation was done on April 16, 2007 in which Medina was determined not to have any mental retardation. (Tr. 557). A subsequent evaluation was done on April 20, 2007 that did not determine conclusively whether Medina was mentally retarded; rather it was only a provisional diagnosis of mental retardation. (Tr. 570). This provisional diagnosis was made when the Plaintiff was 40 years old. This does not prove that the Plaintiff was mentally retarded at some stage prior to the age of twenty-two. Additionally, Medina worked without any special accommodation until he was shot, and there is some indication in the record that intellectual functioning deteriorated after he was injured.

Plaintiff argues that he raised a "suspicion" of an impairment and that the record should have been further developed. Medina relies upon the case of *Pearson v. Bowen*, 866 F.2d 809 (5th Cir. 1989). However, in *Pearson*, the court states that a full inquiry does not

require a consultative examination at government expense unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make a disability decision.[22] Such an examination was not necessary, as there was substantial medical evidence to support the ALJ's determination that there was no mental retardation before twenty-two. As the courts have repeatedly stated, conflicts in evidence and credibility assessments are for the Commissioner and not for the courts to resolve.[23]

Although an actual diagnosis is not required to determine mental retardation prior to age twenty-two, a diagnosis of mental retardation can not be inferred in this case from the longitudinal history and evidence of current functioning. Therefore, the substantial evidence supports the determination of the ALJ that the Plaintiff is not disabled.

## VIII. Conclusion

For the foregoing reasons, the recommendation of the Magistrate Judge is accepted and the decision of the Commissioner is AFFIRMED. Plaintiff's petition to reverse or remand the Commissioner's decision is DENIED. The Clerk is instructed to close this case.

SIGNED this 21st day of May, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[22]*Pearson v. Bowen*, 866 at 812 (emphasis provided).

[23]*Martinez*, 64 F.3d at 174.